United States v. Ashley Maddox

1:17-mj-00104 SAB

Restraining Order

**Exhibit A**

CR-160

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** <br> STREET ADDRESS: 209 West Yosemite Avenue <br> MAILING ADDRESS: 209 West Yosemite Avenue <br> CITY AND ZIP CODE: Madera, CA 93638 <br> BRANCH NAME: MADERA | **FOR COURT USE ONLY** <br><br> **FILED** <br> MADERA SUPERIOR COURT <br><br> JUN 07 2017 <br><br> _____ CLERK <br> _____ DEPUTY |
| **PEOPLE OF THE STATE OF CALIFORNIA** <br> vs. <br> DEFENDANT: ASHLEY MADDOX | |
| **CRIMINAL PROTECTIVE ORDER—DOMESTIC VIOLENCE** <br> (CLETS - CPO) (Pen. Code, §§ 136.2, 1203.097(a)(2), <br> 136.2(i)(1), 273.5(j), 368(*l*), and 646.9(k)) <br> [x] ORDER UNDER PENAL CODE, § 136.2  [ ] MODIFICATION <br> [ ] PROBATION CONDITION ORDER (Pen. Code, § 1203.097) <br> ORDER UNDER: [ ] PENAL CODE, § 136.2(i)(1)  [ ] PENAL CODE, § 273.5(j) <br> [ ] PENAL CODE, § 368(*l*)  [ ] PENAL CODE, § 646.9(k) | **CASE NUMBER:** <br> MCR056544 |

**This Order May Take Precedence Over Other Conflicting Orders; See Item 4 on Page 2.**

PERSON TO BE RESTRAINED (*complete name*): ASHLEY MADDOX
Sex: [ ] M [x] F  Ht.: 5'6"  Wt.: 155  Hair color: bln  Eye color: grn  Race: W  Age: 30  Date of birth: 1/31/87  Room:

1. This proceeding was heard on (*date*): 6/8/17  at (*time*): 1:30 pm  In Dept.: 21
   by judicial officer (*name*): The Hon. Joseph Soldani
2. **This order expires on** (*date*): _____. **If no date is listed, this order expires three years from date of issuance.**
3. [x] Defendant was personally served with a copy of this order at the court hearing, and no additional proof of service of this order is required.
4. FULL NAME, AGE, AND GENDER OF EACH PROTECTED PERSON: Mikaela Cumbry, 9, female
5. [ ] For good cause shown, the court grants the protected persons named above the exclusive care, possession, and control of the following animals:
6. [ ] The court has information that the defendant owns or has a firearm or ammunition, or both.

**GOOD CAUSE APPEARING, THE COURT ORDERS THAT THE ABOVE-NAMED DEFENDANT**

7. must not harass, strike, threaten, assault (sexually or otherwise), follow, stalk, molest, destroy or damage personal or real property, disturb the peace, keep under surveillance, or block movements of the protected persons named above.
8. must not own, possess, buy or try to buy, receive or try to receive, or otherwise obtain a firearm or ammunition. The defendant must surrender to local law enforcement, or sell to or store with a licensed gun dealer any firearm owned by the defendant or subject to his or her immediate possession or control within 24 hours after service of this order and must file a receipt with the court showing compliance with this order within 48 hours of receiving this order.
   [ ] The court finds good cause to believe that the defendant has a firearm within his or her immediate possession or control and sets a review hearing for (*date*): _____ to ascertain whether the defendant has complied with the firearm relinquishment requirements of Code Civ. Proc., § 527.9. (Cal. Rules of Court, rule 4.700.)
   [ ] The court has made the necessary findings and applies the firearm relinquishment exemption under Code Civ. Proc., § 527.9(f). The defendant is not required to relinquish this firearm (*specify make, model, and serial number of firearm*):
9. must not attempt to or actually prevent or dissuade any victim or witness from attending a hearing or testifying or making a report to any law enforcement agency or person.
10. must take no action to obtain the addresses or locations of protected persons or their family members, caretakers, or guardian unless good cause exists otherwise. [ ] The court finds good cause not to make the order in item 10.
11. [ ] must be placed on electronic monitoring for (*specify length of time*): _____. (Not to exceed 1 year from the date of this order. Pen. Code, § 136.2(a)(1)(G)(iv) and Pen. Code, § 136.2(i)(2).)
12. [x] must have no personal, electronic, telephonic, or written contact with the protected persons named above.
13. [x] must have no contact with the protected persons named above through a third party, except an attorney of record.
14. [x] must not come within 100 yards of the protected persons and animals named above.
15. [ ] must not take, transfer, sell, encumber, conceal, molest, attack, strike, threaten, harm, or otherwise dispose of the animals described in item 5.
16. [ ] may have peaceful contact with the protected persons named above, as an exception to the "no-contact" or "stay-away" provision in item 12, 13, or 14 of this order, only for the safe exchange of children and court-ordered visitation as stated in:
    a. [ ] the Family, Juvenile, or Probate court order in case number: _____ issued on (*date*): _____
    b. [ ] any Family, Juvenile, or Probate court order issued *after* the date this order is signed.
17. [ ] The protected persons may record any prohibited communications made by the restrained person.
18. [ ] Other orders including stay-away orders from specific locations:

Executed on: 7 Jun 2017  _____  Department/Division: _____
  (DATE)   (SIGNATURE OF JUDICIAL OFFICER)

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CR-160 [Rev. January 1, 2017]
Approved by Department of Justice

**CRIMINAL PROTECTIVE ORDER—DOMESTIC VIOLENCE**
**(CLETS—CPO)**

Penal Code, §§ 136.2, 160, 1203.097(a)(2),
273.5(j), 368(*l*), 646.9(k), and 136.2(i)(1)
www.courts.ca.gov

CR-160

# WARNINGS AND NOTICES

1. **VIOLATION OF THE ORDER IS SUBJECT TO CRIMINAL PROSECUTION.** Violation of this protective order may be punished as a misdemeanor, a felony, or a contempt of court. Taking or concealing a child in violation of this order may be a felony and punishable by confinement in state prison, a fine, or both. Traveling across state or tribal boundaries with the intent to violate the order may be punishable as a federal offense under the Violence Against Women Act, 18 U.S.C. § 2261(a)(1) (1994).

2. **NOTICE REGARDING FIREARMS.** Any person subject to a protective order is prohibited from owning, possessing, purchasing or attempting to purchase, receiving or attempting to receive, or otherwise obtaining a firearm. Such conduct is subject to a $1,000 fine and imprisonment. The person subject to these orders must relinquish any firearms (by surrendering the firearm to local law enforcement, or by selling or storing it with a licensed gun dealer) and not own or possess any firearms during the period of the protective order. (Pen. Code, § 136.2(d).) Under federal law, the issuance of a protective order after hearing will generally prohibit the restrained person from owning, accepting, transporting, or possessing firearms or ammunition. A violation of this prohibition is a separate federal crime.

   Specified defendants may request an exemption from the firearm relinquishment requirements stated in item 8 on page 1 of this order. *The court must check the box under item 8 to order an exemption from the firearm relinquishment requirements.* If the defendant can show that the firearm is necessary as a condition of continued employment, the court may grant an exemption for a particular firearm to be in the defendant's possession only during work hours and while traveling to and from work. If a peace officer's employment and personal safety depend on the ability to carry a firearm, a court may grant an exemption that allows the officer to carry a firearm on or off duty, but only if the court finds, after a mandatory psychological examination of the peace officer, that the officer does not pose a threat of harm. (Code Civ. Proc., § 527.9(f).)

3. **ENFORCING THIS ORDER IN CALIFORNIA**
   - This order must be enforced in California by any law enforcement agency that has received the order or is shown a copy of the order or has verified its existence on the California Law Enforcement Telecommunications System (CLETS).
   - Law enforcement must determine whether the restrained person had notice of the order. If notice cannot be verified, law enforcement must advise the restrained person of the terms of the order and, if the restrained person fails to comply, must enforce it. (Fam. Code, § 6383.)

4. **CONFLICTING ORDERS-PRIORITIES FOR ENFORCEMENT**
   **If more than one restraining order has been issued, the orders must be enforced according to the following priorities:**
   a. *Emergency Protective Order:* If one of the orders is an Emergency Protective Order (form EPO-001) and is more restrictive than other restraining or protective orders, it has precedence in enforcement over all other orders. (Pen. Code, § 136.2(c)(1)(A).)
   b. *No-Contact Order:* If there is no EPO, a no-contact order that is included in a restraining or protective order has precedence in enforcement over any other restraining or protective order.
   c. *Criminal Order:* If none of the orders include a no-contact order, a domestic violence protective order issued in a criminal case takes precedence in enforcement over any conflicting civil court order. (Pen. Code, § 136.2(e)(2).) Any nonconflicting terms of the civil restraining order remain in effect and enforceable.
   d. *Family, Juvenile, or Civil Order:* If more than one family, juvenile, or other civil restraining or protective order has been issued, the one that was issued last must be enforced.

5. **CERTIFICATE OF COMPLIANCE WITH VIOLENCE AGAINST WOMEN ACT (VAWA).** This protective order meets all Full Faith and Credit requirements of the Violence Against Women Act, 18 U.S.C. § 2265 (1994). This court has jurisdiction over the parties and the subject matter, and the restrained person has been afforded notice and a timely opportunity to be heard as provided by the laws of this jurisdiction. This order is valid and entitled to enforcement in each jurisdiction throughout the 50 United States, the District of Columbia, all tribal lands, and all U.S. territories, and shall be enforced as if it were an order of that jurisdiction.

6. **EFFECTIVE DATE AND EXPIRATION DATE OF ORDERS**
   - These orders are effective as of the date they were issued by a judicial officer.
   - These orders expire as ordered in item 2 on page 1 of this order, **or as explained below.**
   - Orders under Penal Code section 136.2(a) are valid as long as the court has jurisdiction over the case. They are not valid after imposition of a county jail or state prison commitment. (See *People v. Stone* (2004) 123 Cal.App.4th 153.)
   - Orders issued under Penal Code sections 136.2(i)(1), 273.5(j), 368(*l*), and 646.9(k) are valid for up to 10 years and may be issued by the court whether the defendant is sentenced to state prison, county jail, or or subject to mandatory supervision or if imposition of sentence is suspended and the defendant is placed on probation.
   - Orders under Penal Code section 1203.097(a)(2) are probationary orders, and the court has jurisdiction as long as the defendant is on probation.
   - To terminate this protective order, courts should use form CR-165, *Notice of Termination of Protective Order in Criminal Proceeding (CLETS)*.

7. **CHILD CUSTODY AND VISITATION**
   - Child custody and visitation orders may be established or modified in Family, Juvenile, or Probate court.
   - Unless box a or b in item 16 on page 1 is checked, contact between the restrained and protected persons permitted by a Family, Juvenile, or Probate court order for child custody or visitation must not conflict with the provisions of this order.
   - If box a or b in item 16 on page 1 is checked, the restrained and protected persons should always carry a certified copy of the most recent child custody or visitation order issued by the Family, Juvenile, or Probate court.

CR-160 [January 1, 2017]   **CRIMINAL PROTECTIVE ORDER—DOMESTIC VIOLENCE (CLETS—CPO)**   Page 2 of 2

For your protection and privacy, please press the Clear This Form button after you have printed the form.   | Print this form |   | Save this form |   | Clear this form |

United States v. Ashley Maddox

1:17-mj-00104 SAB

Letter from Cameron Hall to PreTrial Services

**Exhibit B**

To whom it may concern,

Although there are children who normally visit and reside in the home every other weekend as part of a share custody agreement with the other parent, arrangements have been made to conduct those visits at another location going forward so that at no time will the children be present in the home that Ashley Maddox resides while on conditions of pretrial release. A plan of action has been made for those visits to be conducted at another location with another party, to which we both agreed. I am also willing and would like to act as a joint third party custodian as well. Thank you for your time and consideration in this matter.

Cameron Hall

21 JUN 2017

There is also no wireless internet in the home and no other compatible devices so as to prevent any urges against any violations. I am also willing to keep my phone off and out of the home while at residence, if need be. Thank you again.