1  HEATHER E. WILLIAMS, Bar #122664
   Federal Defender
2  MEGAN T. HOPKINS, Bar #294141
   VICTOR M. CHAVEZ, Bar #113752
3  Assistant Federal Defender
   Office of the Federal Defender
4  2300 Tulare Street, Suite 330
   Fresno, CA 93721-2226
5  Telephone: (559) 487-5561
   Fax: (559) 487-5950
6
7  Attorney for Defendant
   ASHLEY MADDOX

8
               IN THE UNITED STATES DISTRICT COURT
9
            FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11
   UNITED STATES OF AMERICA,          Case No. 1:17-cr-00167-DAD-BAM
12
              Plaintiff,              **DEFENDANT'S NOTICE OF MOTION AND
13                                     MOTION FOR DISCOVERY;
   vs.                                 MEMORANDUM OF POINTS AND
14                                     AUTHORITIES**

15 ASHLEY MADDOX,
                                      Date: January 14, 2019
16            Defendant.             Time: 1:00 p.m.
                                      Judge: Hon. Barbara A. McAuliffe
17

18
        PLEASE TAKE NOTICE that on January 14, 2019, at 1:00 p.m., or as soon thereafter as
19
   the matter can be heard in the Courtroom of the Honorable Barbara A. McAuliffe, United States
20
   Magistrate Judge for the Eastern District of California, defendant Ashley Maddox, through her
21
   counsel of record, Assistant Federal Defenders Victor M. Chavez and Megan T. Hopkins, will
22
   bring on for a hearing the following motion to compel discovery.
23
                                    **MOTION**
24
        Ms. Maddox, by and through her counsel of record, Assistant Federal Defenders Victor
25
   M. Chavez and Megan T. Hopkins, hereby moves this Court to direct the government to produce
26
   discovery of items more fully described in the attached Memorandum of Points and Authorities.
27
        This motion is made pursuant to the Due Process Clause of the United States Constitution
28
   as interpreted in *Brady v. Maryland*, 373 U.S. 83, 86 (1963), Rule 16 of the Federal Rules of

Criminal Procedure, Eastern District of California Local Rule Crim 16-440, California Rule of Professional Conduct 5-110, and such other statutory and constitutional rules relating to discovery as may be applicable.  This motion is further based upon the attached memorandum of points and authorities, all files and records in this case, and such evidence and argument as may be presented at the hearing on this motion.

Respectfully submitted,

HEATHER E. WILLIAMS
Federal Defender

Date: November 19, 2018

*/s/ Megan T. Hopkins*
MEGAN T. HOPKINS
VICTOR M. CHAVEZ
Assistant Federal Defenders
Attorneys for Defendant
ASHLEY MADDOX

MADDOX – Motion for Discovery

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      BACKGROUND**

Ashley Maddox is charged in four counts:  1) Violation of 18 U.S.C. § 2251(a) – sexual exploitation of children;  2) 18 U.S.C. § 2252(a)(2) – receipt/distribution of child pornography; 3) Violation of 18 U.S.C. § 2251(a)(1) and (2) – sexual exploitation of children and aiding and abetting; and 4) 18 U.S.C. § 2252(a)(2) – receipt of a visual depiction of a minor engaged in sexually explicit conduct.  Counts one and two involve conduct and events that occurred between November 5, 2015 and December 30, 2015.  Counts three and four involve conduct that occurred between January 5, 2016 and January 20, 2016.

Ms. Maddox came to the attention of federal authorities during the investigation of a Florida defendant named Scott Trader. During a forensic review of a 16 GB Sim Disk Micro SD found in the Trader's home on June 1, 2017, chats and photos were found, including some child pornography.  These items had been created in November of 2015.[1] Using Ms. Maddox's email address, agents were able to locate her in Madera, California.

On June 5, 2017, agents executed a search warrant at Ms. Maddox's home in Madera, California.  Several items were seized[2], none of which were identified as child porn images in any form. Therefore, so far as the defense can determine the evidence on counts 1 and 2 consists entirely of the materials that were found in the home search of Scott Trader's residence in Florida.  These materials were characterized by the case agent as follows:

> "HSI Fort Pierce provided 80 files related to MADDOX.  A majority of the files contain nude images and videos of MADDOX by herself or with an unidentified adult male. There are 35 images and videos containing children, but only 15 of those files contain images or videos relating to the sexual exploitation of children. There are also three images which appear to be screen shots of messages sent between MADDOX and another person."[3]

The evidence concerning counts 3 and 4 of the Superseding Indictment concerns text messages or chat communications exchanged between Ms. Maddox and Scott Trader in January,

---

[1] Bates 165.
[2] Bates 157.
[3] Bates 162.
MADDOX – Motion for Discovery

2016.  However, it is unclear whether the defense has been provided with any relevant child pornography images corresponding to counts three and four.

The government has provided some reports and videos concerning interviews of alleged victim #1, a minor female.  The interviews were conducted by Kimberly Lenna, HSI Forensic Interview Specialist, on October 5, 2017, and March 23, 2018.  Agent Timothy Kotman was present for both interviews and consulted with Ms. Lenna during the interviews.  During the course of the interviews alleged victim #1 was shown certain photographs, photospreads, maps, and images which have not been provided to the defense.  Additionally, following these interviews, the government executed a search warrant in the home of an adult male who is alleged to have molested the alleged minor victim #1 in concert with Ms. Maddox.  The defense has not been provided with the affidavit to support the search warrant or reports regarding results of the search, which included a cellebrite extraction and forensic review of the adult male's cell phone.

The defense is requesting additional discovery concerning these allegations in anticipation of any government claim that such evidence may be relevant and admissible in this case.

## II.    DISOVERY REQUESTED

This motion is made pursuant to Rule 16, the Federal Rules of Criminal Procedure, Eastern District of California Local Rule Crim. 16-440, *Brady v. Maryland*, 373 U.S. 83 (1963), and such other statutory and constitutional rules relating to discovery as may be applicable.

The government's responsibility for providing discovery is generally defined in Rule 16(a), Federal Rules of Criminal Procedure.  According to the Local Rules for the United States District Court, Eastern District of California, upon request of the defendant, unless otherwise ordered by the court, Fed. R. Crim. Proc., Rule 16(a) discovery shall be provided to the defendant.

Ms. Maddox requests, to the extent the items requested have not previously been provided, that the government be required to disclose and/or make available for inspection and copying the following:

MADDOX – Motion for Discovery

1)  Any statements, written or oral, made by any alleged minor victim to any law enforcement officer, government agent, informant, or other third party relevant to this case that is in the government's possession, custody or control, the existence of which is known or may become known to the government by the exercise of due diligence.  Fed. R. Crim. Proc., Rule 16 (a)(1)(E) and (F). This request includes any statement by an alleged minor victim that is repeated, reported or incorporated in any subsequent oral, written or recorded statement made and/or prepared by any of the above-listed individuals.  This request also includes any statement, correspondence, or journal entries presented or made by an alleged minor victim to a parent or guardian, counsellor, or school official that was reported to any law enforcement officer, government agent, informant, or other third party relevant to this case.

2)  Any reports, memoranda, correspondence, notes, emails, or other written recording relating to an examination or interview of an alleged minor victim relevant to this case that is in the government's possession, custody or control, the existence of which is known or may become known to the government by the exercise of due diligence.  Fed. R. Crim. Proc., Rule 16 (a)(1)(F).

3)  Reports, recordings and documents of any law enforcement agency involved in this investigation, including all papers, rough notes, documents, data, photographs, videotapes, tape recordings, surveillance recordings, logs and other evidence gathered or produced by these agencies, government agents or other government witnesses.  Fed. R. Crim. Proc., Rule 16(a)(1)(E); 18 U.S.C. §§ 2510-2522; 18 U.S.C. §§ 3117; 18 U.S.C. §§ 3121-3127; *Brady v. Maryland*, 373 U.S. 83 (1963); *United States v. Price*, 566 F.3d 900, 903 (9th Cir. 2009) ("Under longstanding principles of constitutional due process, information in the possession of the prosecutor and his investigating officers that is helpful to the defendant, including evidence that might tend to impeach a government witness, must be disclosed to the defense prior to trial."); *United States v. Alvarez*, 86 F.3d 901, 904 (9th Cir. 1996) (an officer's rough notes must be disclosed pursuant to *Brady* if they contain material and exculpatory information.).  This request includes, but

is not limited to, all reports, rough notes, and audio and video recordings generated by any and all law enforcement officers identified above;

    a.  Specifically, defense is requesting copies of any notes, memoranda, reports, documents, photographs, logs or other evidence related to the multiple interviews of alleged minor victim #1, including any photographs, photospreads, maps, objects or tools used in the course of these interviews and referenced in any of the documents listed above.

    b.  The defense also specifically requests any of the above which relates to the search warrant of the adult male and cellebrite extraction and corresponding report relating to the adult male's cell phone.

4) Any scientific reports of examinations or tests of any kind that the government has conducted that are material to the preparation of the defense or are intended for use by the government in its case in chief.  This request includes without limitation:  forensic reviews of phone records or data, expert examinations of digital media or photographs purported to contain visual depictions of a minor engaged in sexually explicit conduct, forensic laboratory requests and examination reports, as well as the results and analysis of any other scientific tests.

5) Any video tapes, audio tapes, or still photographs of the activities alleged during the investigation of this case.  Fed. R. Crim. Proc., Rule 16 (a)(1)(E).

6) Any and all information in whatever form, source or nature, which is favorable to the accused with respect to either guilt or punishment and therefore is discoverable under *Brady v. Maryland* and its progeny.  This request includes, but is not limited to:

    a.  Information that tends to exculpate the defendant and all information of a similar nature that may be or become of benefit to the defendant in preparing for or presenting the merits of her defense of innocence at trial.

    b.  All evidence important and useful for impeachment purposes, including, but not limited to, all evidence of any promises made, consideration provided, or any other inducements, by the government in connection with

this case in exchange for the person's testimony or other participation in this case.  See *Giglio v. United States*, 405 U.S. 150 (1972); see, e.g., *United States v. Price*, 566 F.3d 900, 907 (9th Cir. 2009); *United States v. Butler*, 567 F.2d 885 (9th Cir. 1978).

    c.    Statements by persons interviewed during the government's investigation, whether written or oral that are favorable to the defendant in that they tend to exculpate her or minimize her responsibility.  *Brady v. Maryland*, 373 U.S. 83 (1963).  Such statements include "negative exculpatory" statements, i.e., statements of informed witnesses that do not mention the defendant.  *Jones v. Jago*, 575 F.2d 1164, 1168 (6th Cir. 1978), cert. denied, 439 U.S. 833 (1978).

7)  The defendant requests that the government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the government, for all testifying witnesses.  The defendant requests that these files be reviewed by the government attorney for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1999);   see *United States v. Jennings*, 960 F.2d 1488, 1492 (9th Cir. 1992).

8)  The defendant requests advance notice of whether any intended government witness has any conviction record whatsoever, whether federal, state or local and the nature of the offense.  *Giglio v. United States*, 405 U.S. 150 (1972); *Price*, 566 F.3d at 907.  Defense counsel must have access to this information far enough in advance of trial to obtain certified court documents necessary for impeachment.

9)  The defendant requests a written summary of any testimony that the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case-in-chief at trial, describing in particular the witness's opinions and the bases for those opinions, as well as the qualifications of the witness to testify pursuant to any of the above listed rules of evidence.  Fed. R. Crim. Proc., Rule 16 (a)(1)(G).

MADDOX – Motion for Discovery

10) Pursuant to Rule 404(b), the defense requests notice by the government no later than January 31, 2019 of its intention to offer evidence of other crimes, wrongs, or bad acts allegedly committed by Ms. Maddox, and to disclose the facts and circumstances underlying such evidence.

Additionally, the defendant requests that all non-contraband video and still-image media currently made available to the defense for viewing only at the Homeland Security Office by arrangement with the case agent, be copied and provided to the defense for inspection and review in the defense's own place of business.  The defense has reviewed all media files made available to date, and has identified only 20 files which contain child pornography and are therefore contraband subject to viewing only by arrangement with the case agent.   None of these contraband files depict alleged minor victim #1. All of the other files contain either chat messages relevant to the case, adult pornography featuring Ms. Maddox, or non-contraband images and video files relevant to the case.  Even those images and videos depicting alleged minor victim #1 do not appear to be pornographic in nature and do not meet the legal definition of child pornography, and therefore are not contraband requiring the onerous precautions currently taken by the government.

Finally, the defense requests that the Court order the government to complete production of all discovery by January 31, 2019 and to close the discovery period after that date.

/ / /

/ / /

 / / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

MADDOX – Motion for Discovery

1

**III.      CONCLUSION**

2

   For the reasons set forth above, Ms. Maddox moves this Court to direct the government

3

to produce the items requested above and make those items already produced which are non-

4

contraband available to the defense in the same manner as all other discovery, by providing a

5

copy to the defense.  Based on Fed. R. Crim. Proc., Rule 16, and on the authority of *Brady v.*

6

*Maryland*, 373 U.S. 83 (1963) these discovery requests should be granted.  Such discovery shall

7

be subject to a continuing duty to disclose as specified in Fed. R. Crim. Proc., Rule 16(c).

8

9

                        Respectfully submitted,

10

                        HEATHER E. WILLIAMS
                        Federal Defender

11

12

Date: November 19, 2018      *Megan T. Hopkins*
                        MEGAN T. HOPKINS

13

                        VICTOR M. CHAVEZ

14

                        Assistant Federal Defenders
                        Attorneys for the Defendant

15

                        ASHLEY MADDOX

16

17

18

19

20

21

22

23

24

25

26

27

28

MADDOX – Motion for Discovery