MCGREGOR W. SCOTT
United States Attorney
DAVID GAPPA
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

NADIA C. PRINZ
Trial Attorney
U.S. Dept. of Justice, Criminal Division
Child Exploitation and Obscenity Section
1400 New York Avenue NW, Suite 600
Washington, DC 20005
Telephone: (202) 514-3740
Facsimile: (202) 514-1793
E-mail: nadia.prinz @usdoj.gov

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:17-CR-00167 DAD-BAM |
|---|---|
| Plaintiff, | GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR DISCOVERY |
| v. | |
| ASHLEY MADDOX, | |
| Defendant. | |

The defendant has filed a motion to compel production of discovery and listed at least ten general categories of evidence or information that are being sought. The court already has ordered that the parties comply with respective discovery obligations, under relevant rules and case law, and the parties have exchanged information and evidence under that direction and those authorities. The government has provided Bates-numbered discovery totaling 23,746 pages which includes photographs and reports, as well as audio and video recorded statements. The government also has made copies of contraband (and

noncontraband material) available to the defense on more than one occasion at the Homeland Security Investigations office in Fresno.  The government has received 29 Bates-numbered pages of discovery from the defense.

To the extent that additional specific items have been requested, the government does not necessarily concede that all of the items must be provided, at least not by the date requested by the defense.  But the government is working with relevant agencies to confirm whether items exist, and if so, will work to provide copies of the items to the defense.  To the extent that production of an item is not practical, or permitted because it is contraband, the government will provide the defense with access to the requested items.

The government has already agreed to meet with the defense on December 19, 2018, at 3:00 p.m. at the Fresno Homeland Security Investigations office to provide access to the images that have been identified in the response to the request for a bill of particulars.  To the extent that additional items of contraband have been requested in the defense discovery motion, the government will seek to provide access to that material during this meeting.  As any additional items come into the government's custody or control, the government will attempt to make the items available to the defense.

The government also provides the following information in response to the specific categories of requested evidence or information.

1.) The government has provided a summary of statements of one local victim and a video recording of a second interview of the same local victim.  If there are any recorded interviews of any victim(s) in Florida that are depicted in images that the government will use as evidence, the government will – subject to the protective order in place – provide a copy of the statement once it is received in Fresno.  The government objects to the request for "any statement, correspondence, or journal entries presented or made by an alleged minor victim to a parent or guardian, counsellor, or school official that was reported to any law enforcement officer, government agent, informant, or other third party relevant to this case," until the defense identifies legal authority for the request.  The government has not yet stated its intention to call any minor victim as a witness, and the requested information is an unnecessary invasion of the victim's privacy.  On its face, the request is also overbroad, as it asks, for example for "any statement" "made by an alleged minor victim to a parent or guardian."

2.) The government will attempt to locate and provide any reports related to any minor victim(s) who

have been interviewed during the course of the investigation of this case or a related case in Florida. To the extent that any report(s) are located and have not been provided, the government will provide a copy.

3.) a.) The government will attempt to make available for review or inspection any items that were shown to a minor victim who was interviewed by a Homeland Security Investigations forensic interviewer.

b.) The government will make available any reports related to the search of an adult male's cell phone.

4.) The government has made available forensic reports that have been created in Fresno. To the extent that additional reports are identified or created, they will also be made available for defense review.

5.) The government has provided audio and video recordings that were created in Fresno or Madera. The government also has provided still photographs that were taken at residences formerly occupied by the defendant. To the extent that additional similar items are discovered or created, they will be made available to the defense.

6.) The government is aware of its obligations (from numerous sources) to provide exculpatory or impeachment evidence favorable to the defense. To the extent that any information of the type requested becomes available, the government will satisfy its obligation to provide the evidence or information to the defense.

7.) The United States Attorney's Office routinely requests derogatory information that might exist in any government witness personnel file, but usually does this closer to the start of the trial date. That practice will be followed in the case, and if any responsive information is found, it will be disclosed in an appropriate manner.

8.) The United States Attorney's Office is not aware of any responsive information for this request, but should it learn of any, the information will be disclosed in an appropriate manner.

9.) The government will comply with relevant federal and local rules governing disclosure of expert opinions. The government makes a reciprocal request from the defense for the disclosure of any opinions or testimony that might be considered "expert," and asks that the information be disclosed by January 31, 2019.

10.) The government will provide notice of its intention to offer evidence under Federal Rule of Evidence 404(b) prior to trial, but notes that the rule only requires "reasonable" pretrial notice, and it specifically authorizes admission of evidence under the rule during trial without prior notice if there is good cause for lack of pretrial notice. The government will provide reasonable notice, but does not agree that it should be held to an arbitrary deadline of January 31, 2019, for a trial that is scheduled to start three months later on April 30, 2019.

Finally, the defense has requested a copy of all non-contraband video and still images that have been made available to the defense at the HSI office in Fresno. The defense makes this request seem more reasonable than it is, since there are several chat communications that took place using different platforms which were extracted into reports that contain still images. Some of the images are contraband and some are not. Once an image is embedded within a report, it is not necessarily easy to copy it onto a different device without extra steps and assistance from a forensic examiner. Nonetheless, the government will discuss this request at the upcoming meeting with the defense and may be able to accommodate the defense request to the extent it is feasible with resources available in Fresno.

Respectfully submitted,

Dated:  December 17, 2018

McGREGOR W. SCOTT
United States Attorney

/s/ DAVID GAPPA
DAVID GAPPA
Assistant U.S. Attorney

/s/ NADIA PRINZ
NADIA PRINZ
Trial Attorney