IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:17-cr-00167-DAD-BAM |
| Plaintiff, | **DECLARATION OF MEGAN T. HOPKINS** |
| vs. | |
| ASHLEY MADDOX, | |
| Defendant. | |

I, Megan T. Hopkins, hereby declare as follows:

1. I am an attorney licensed to practice in the State of California and am admitted to practice in the United States District Court for the Eastern District of California, where I practice as an Assistant Federal Defender.

2. The Federal Defender was appointed to represent Ashley Maddox in federal case number 1:17-cr-00167 DAD-BAM. I, in addition to my co-counsel Victor M. Chavez, am the attorney assigned to represent Ms. Maddox in that case.

3. Because this case involves three separate statutes which Ms. Maddox is alleged to have violated, I have consulted with a variety of experts in preparation for trial, to ensure that all issues related to the *mens rea* element for each statute can be adequately addressed.

4. Additionally, Ms. Maddox suffers from co-morbid mental health conditions and has a significant history of trauma, which requires consultation with experts from various fields of study to adequately address.

5. In late 2017, defense counsel contracted with Dr. Richard Geisler, a clinical forensic psychologist specializing in forensic evaluations of psychological

**EXHIBIT A**

functioning and risk assessments for sexual offense recidivism. Dr. Geisler was asked to perform an evaluation and risk assessment, and author a report for defense counsel with his findings and recommendations.

6. Defense counsel received Dr. Geisler's report on March 20, 2018, and provided a copy to government counsel in reciprocal discovery on March 28, 2018. The purpose of the report was primarily to present mitigation in support of plea negotiations and sentencing recommendations.

7. On January 14, 2019, at a hearing on Ms. Maddox's motion for discovery, I explained on the record my concerns regarding the government shutdown and the fact that I was forestalled in consulting with experts due to a lack of available funding. I advised the court that a trial continuance may become necessary in the future. This is reflected at docket entry 78.

8. Plea negotiations in this case have been unsuccessful, despite the repeated and ongoing efforts of defense counsel to resolve the case. Plea negotiations were active between the parties until February 14, 2019.

9. In anticipation that plea negotiations might not result in a resolution in this case, defense counsel entered into a new contract with Dr. Geisler in February of 2019, in anticipation of requiring his expert testimony at trial regarding Ms. Maddox's co-morbid mental health conditions and the impact of prior sexual trauma on her mental state.

10. Defense counsel conferred with Dr. Geisler on February 7, 2019 regarding his potential trial testimony, at which time Dr. Geisler advised that the scope of his testimony would be limited to his co-morbid diagnosis and the impact this can have on one's mental state in the context of the charges alleged against Ms. Maddox. Dr. Geisler recommended several other experts that we may wish to consult with to expand our defense as to the *mens rea* for each count.

11. On February 19, 2019 defense counsel conferred with Dr. Vanessa Leite, a clinical forensic psychologist specializing in diagnostic clarifications to determine

**EXHIBIT A**

validity of reported and observed symptomology, malingering, and issues related to trauma.

12. On February 21, 2019 defense counsel conferred with Dr. Marty Klein, a sex therapist specializing in role play and intent relating to child pornography offenses.

13. On February 27, 2019 defense counsel conferred with Dr. Fred S. Berlin, a psychologist with The National Institute for the Study, Prevention, and Treatment of Sexual Trauma.

14. After speaking with these experts, defense counsel has determined that more than one of the above experts may be able to provide important testimony at trial, and has therefore begun the process of registering the experts in the SAM.gov payment system.

15. Registration in SAM.gov is required prior to approval of funds allocated to any expert for the Federal Defenders Office, and takes between one and three weeks, on average, depending on the type of expert and how they operate their practice.

16. After registration is complete, defense counsel can apply for funds with the Federal Defender administration and, once approved, execute a contract for services with the expert. All told, the application and contract execution process can take as little as a few days, or as much as a few weeks. An expert cannot begin work on a case, including review of discovery, until funds are both allocated and obligated, and a contract has been fully executed.

17. The Federal Defenders Office has been involved in an audit of the district court for the past few weeks, and so approval and obligation of funds for experts has been somewhat delayed. At this time, none of the experts identified above, apart from Dr. Geisler, have been able to begin work on this case, as either registration in SAM.gov or applications for funds are still pending.

18. On January 18, 2019 the Federal Defender was appointed to represent Conrado Virgen Mendoza in federal case number 1:19-cr-00015 DAD-BAM. I, in addition

**EXHIBIT A**

to my co-counsel Erin Snider, am the attorney assigned to represent Mr. Virgen Mendoza in that case.

19. Mr. Virgen Mendoza immediately requested a trial within the statutory period set forth in the Speedy Trial Act. I advised both the magistrate and district court at various times in the months of January and February 2019 that Mr. Virgen Mendoza wanted a trial as quickly as possible, given that he was in custody and his sentencing guideline range would be exceeded after only six months.

20. Mr. Virgen Mendoza has six co-defendants in his case, all but one of whom also requested a speedy trial. At this time, the co-defendants are joined as they are charged in a conspiracy, and the government opposes severance.

21. On February 25, 2019 trial was set in Mr. Virgen Mendoza's case for May 7, 2019, which was the latest possible date within the statutory period.

22. On February 28, 2019 defense counsel contacted the government to request a continuance of the trial date in this matter, in light of the need for additional time to work with defense experts, and given that defense counsel would be involved in a separate trial the following week, in Mr. Virgen Mendoza's case. Defense counsel proposed a new trial date of June 25, 2019, but also indicated that any mutually convenient date in the several months to follow would also be agreeable.

23. Counsel for the government indicated it was opposed to a continuance to any date. Defense counsel therefore filed the instant motion the following day, on March 1, 2019.

I declare under penalty of perjury that the matters herein as to which I have personal knowledge are true and correct.

Executed this 18th day of March, 2019, in Fresno, California.

        */s/ Megan T. Hopkins*
        MEGAN T. HOPKINS

**EXHIBIT A**