McGREGOR W. SCOTT
United States Attorney
DAVID GAPPA
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, Ca 93721
Telephone:  (559) 497-4000
Facsimile:  (559) 497-4099

NADIA C. PRINZ
Trial Attorney
U.S. Dept. of Justice, Criminal Division
Child Exploitation and Obscenity Section 1400 New York Avenue NW, Suite 600
Washington, DC 20005 Telephone: (202) 514-3740
Facsimile: (202) 514-1793
E-mail: nadia.prinz @usdoj.gov

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ASHLEY MADDOX,<br><br>Defendant. | Case No:  1:17-CR-00167 DAD-BAM<br><br>**MEMORANDUM OF PLEA AGREEMENT UNDER RULE 11(c) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE**<br><br>Date:          To Be Determined<br>Time:         To Be Determined<br>Ctrm:         To Be Determined<br>Hon:          Dale A. Drozd |

Under Rule 11(c) of the Federal Rules of Criminal Procedure, the United States of America, by

and through McGregor W. Scott, the United States Attorney for the Eastern District of California, and

Assistant United States Attorney David Gappa, along with Nadia Prinz, Trial Attorney for the Child

1

1  Exploitation and Obscenity Section of the U.S. Department of Justice Criminal Division, has agreed

2  with defendant Ashley Maddox, and her attorneys, Assistant Federal Defenders Megan T. Hopkins and

3  Victor M. Chavez, as set forth below.  This plea agreement is limited to the United States Attorney's

4  Office for the Eastern District of California and cannot bind any other federal, state, or local

5  prosecuting, administrative or regulatory authority.

6      1. <u>Charges</u>.

7      The defendant acknowledges that she has been charged in an indictment as follows:

8      Count One - Sexual Exploitation of a Minor and Attempt, in violation of 18 United States Code,

9  Section 2251(a) and (e);

10     Count Two – Receipt  and Distribution of Material Involving the Sexual Exploitation of Minors,

11 in violation of 18 United States Code, Section 2252(a)(2);

12     Count Three- Aiding and Abetting the Sexual Exploitation of Minors, in violation of 18 United

13 States Code, Section 2251(a) and (e)and Section 2;

14 and

15     Count Four - Receipt and Distribution of Material Involving the Sexual Exploitation of Minors,

16 in violation of Title 18, United States Code, Section 2252(a)(2).

17     2. <u>Nature, Elements and Possible Defenses</u>.

18     The defendant has read the charges against her contained in the indictment, and those charges

19 have been fully explained to her by her attorney.  The defendant fully understands the nature and

20 elements of the crimes charged in the indictment including the charge to which she is pleading guilty, to

21 wit: Count Three, Aiding and Abetting the Sexual Exploitation of Minors, together with the possible

22 defenses to the charge, and she has discussed them with her attorneys.

23     The elements of the crime of Aiding and Abetting the Sexual Exploitation of a Minor, as alleged

24 in Count Three of the indictment, are as follows:

25         (1)     someone else committed sexual exploitation of a child; namely, such

26                 individual  knowingly employed, used, persuaded, induced, enticed, or
   coerced any minor; to engage in any sexually explicit conduct, for the
   purpose of producing any visual depiction of such conduct, or for the

27                 purpose of  transmitting a live visual depiction of such conduct,  and such
   individual knew or had reason to know that the visual depiction would be

28                 2

transported or transmitted using any means or facility of interstate or foreign commerce, or in or affecting interstate or foreign commerce, or that the visual depiction would be produced or transmitted using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or such visual depiction was actually transported or transmitted using any means or facility of interstate or foreign commerce.

(2)  the defendant aided, counseled, commanded, induced or procured that person with respect to at least one element of sexual exploitation of a child;

(3)  the defendant acted with the intent to facilitate sexual exploitation of a child and

(4)  the defendant acted before the crime was completed.

3. <u>Agreements by the Defendant</u>.

(a)  Defendant agrees that this plea agreement will be filed with the court and become a part of the record of the case.

(b)  Defendant agrees to enter a plea of guilty to Count Three of the Indictment.

(c)  The defendant is aware that Title 18, United States Code, Section 3742 permits a defendant to appeal her plea, conviction, restitution imposed, or any sentence imposed. Acknowledging this, the defendant knowingly and voluntarily waives her constitutional and statutory rights to appeal her guilty plea, conviction, and sentence (including any restitution order). This waiver of appeal includes, but is not limited to, an express waiver of defendant's rights to appeal her guilty plea, conviction, and sentence (including any restitution order). This appeal waiver includes any appeal right conferred by 18 U.S.C. § 3742, except for non-waivable claims. This waiver includes, but is not limited to a proceeding under 28 U.S.C. § 2255 or § 2241. The defendant also agrees to waive her right to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, constitutional challenges to the statute[s] of conviction, and other pretrial motions that have been filed or could have been filed. The defendant understands that this waiver includes, but is not limited to, any and all constitutional and/or legal challenges to the defendant's conviction and guilty plea, including arguments that the statute(s) to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts included in this agreement is insufficient to support the defendant's plea of guilty.

3

(d)      The defendant further acknowledges that her plea of guilty is voluntary and that no force, threats, promises, or representations have been made to anybody.  Nor has any agreement been reached, other than expressly in this plea agreement, to induce the defendant to plead guilty.

(e)      The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorney's fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed under this agreement and any charges previously dismissed).

(f)      The defendant agrees that the sentencing court will consult the 2018 edition of the United States Sentencing Commission's Guidelines (USSG), as promulgated by the U.S. Sentencing Commission under the Sentencing Reform Act of 1984, 18 U.S.C. §§ 3551-3742 and 28 U.S.C. §§ 991-998, and as modified by United States v. Booker and United States v. Fanfan, 543 U.S. 220, 125 S.Ct. 738 (2005).  The court must take the USSG into account when determining a reasonable sentence in light of the factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the court will determine a non-binding and advisory guideline sentencing range for this case under the USSG.  Defendant also understands that the court will consider whether there is a basis for variance from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines.  Defendant also understands that the court, after consultation and consideration of the USSG, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

(g)      Defendant acknowledges that a mandatory minimum sentence of 15 years (180 months) applies to the count to which she is agreeing to plead guilty.  The defendant will not argue for a sentence below the statutory mandatory minimum term 15 years (180 months) imprisonment.  The defendant acknowledges that each party will be allowed to argue for what it believes will be an appropriate term of imprisonment within the range of 15-18 years (180-216 months).  The defendant also acknowledges that

4

1   each party will be allowed to argue for what it believes will be an appropriate term of supervised release,

2   within the statutory range of 5 years to lifetime supervision.

3       (h)     The defendant agrees that if her conviction on the count to which she is pleading is ever

4   vacated at the defendant's request, the government shall have the right (1) to prosecute the defendant on

5   the count to which she pleaded guilty, (2) and to file any new charge(s) that would otherwise be barred

6   by this agreement.  The decision to pursue any or all of these options is solely in the discretion of the

7   United States Attorney's Office.  By signing this agreement, the defendant agrees to waive any

8   objections, motions, and defenses she might have to the government's decision, including Double

9   Jeopardy.  In particular, she agrees not to raise any objections based on the passage of time with respect

10  to a future prosecution including, but not limited to, any statutes of limitation or any objections based on

11  the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

12      (i)     Defendant agrees that her conduct is governed by mandatory restitution provisions under

13  18 U.S.C. § 2259, Paroline v. United States, 134 S.Ct. 1710 (2014) and United States v. Kennedy, 643

14  F.3d 1251 (9th Cir. 2011). Defendant agrees that she will pay restitution in the full amount of their losses

15  to any and all parties described in the factual basis whom the court determines to be a victim and that

16  those parties will also be afforded crime victim's rights under 18 U.S.C. §3771.  Further, the defendant

17  agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable ten

18  days prior to sentencing. The government will give its best estimate of the amount of any restitution that

19  might be claimed at the time of sentencing and will advise the court and the defendant as soon as

20  practicable the need for bifurcation or of any claims that are filed.

21      (j)     The defendant acknowledges that she has been advised, and she understands, that under

22  the Sex Offender Registration and Notification Act, a federal law, that she must register and keep her

23  registration current in each of the following jurisdictions: where she resides, where she is an employee,

24  and where she is a student.  She understands that the requirements for registration include providing her

25  name, her residence address, and the names and addresses of any places where she is or will be an

26  employee or student, among other information.  She also understands that the requirement to keep the

27  registration current includes informing at least one jurisdiction in which she resides, is an employee, or

28                                          5

student not later than three business days after any change in name, residence, employment, or student status. The defendant has been advised, and understands, that failure to comply with these obligations could subject her to prosecution for failure to register as a sex offender under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

(k)     The defendant agrees that her release pending sentencing is restricted by 18 U.S.C. § 3143(a), and she agrees that she will remain in custody pending the court's imposition of the sentence in this case.

4. Agreements by the Government.

(a)     The government will dismiss the remaining counts, Counts One, Two, and Four of the indictment, at sentencing.

(b)     The government will recommend a three-level reduction in the computation of the defendant's offense level if the defendant clearly demonstrates acceptance of responsibility for her conduct as defined in Section 3E1.1 of the United States Sentencing Commission Guidelines Manual.

(c)     The government will argue for a total term of imprisonment within the range of 180-216 months.

(d)     The government will argue for a term of supervised release within the range of 5 years to life.

5. Factual Basis.

The defendant will plead guilty because she is in fact guilty of the crime set forth in Count Three of the indictment. The parties agree that the following facts support the defendant's plea to Count Three of the indictment and that the court can consider these facts as relevant conduct for purposes of sentencing:

From in or about November of 2015 through April of 2016, the defendant, Ashley Maddox, communicated with another adult individual, via the internet and mobile-based applications, about their mutual sexual interest in minors, including minors in their respective care. A forensic examination of that individual's phone recovered Kik chat conversations between them. Over the course of these communications, Maddox requested that this individual send her images and video recordings in which he sexually abused a 9 year-old minor victim in his care. To encourage this individual to produce such images, Maddox requested that he commit specific acts, and indicated that the images she had received from him had aroused her. Maddox also sent him sexually explicit images of herself. During this time period, she received 26 images and

videos from him, which depicted the minor victim engaged in sexually explicit conduct. Maddox also created and sent to this individual both nude and clothed images and videos of a 7 year-old minor in her care, to include depictions showing that minor's genitals. These images were recovered in a forensic examination of that individual's computer. Creation dates on those images indicate they were received by him on or about November 2015.

During all relevant times above, Maddox resided within the Eastern District of California and the other adult resided in the Southern District of Florida.

Maddox knowingly aided and abetted the production of child pornography, in violation of 18 U.S.C. § 2251(a).  Such production involved the use of a minor to engage in sexually explicit conduct, for the purpose of producing a visual depiction of such conduct which depiction was of such conduct, knowing that the production would be transmitted over the internet, which is a means of interstate commerce.

6.     Potential Penalties.

Defendant understands that because the offense to which she is pleading guilty was committed after November 1, 1987, the court will be required to consult the Sentencing Guidelines adopted by the United States Sentencing Commission.

The following are the potential penalties that the defendant faces:

**Count Three – Aiding and Abetting the Sexual Exploitation of a Minor**

(a) Imprisonment

   Minimum (Mandatory): Fifteen (15) years.
   Maximum: Thirty (30) years.

(b) Fine.

   Maximum: Two Hundred Fifty Thousand Dollars ($250,000).

(c)  Both such fine and imprisonment.

(d)  Term of Supervised Release.

   Minimum:     Five Years.
   Maximum:     Lifetime (18 U.S.C. 3583(k))

   (Should the defendant violate any of the terms of her supervised release, she can be returned to prison for the remaining period of supervised release actually imposed by the court or five years, whichever is less.)

(e) Penalty Assessments:

   Mandatory: Five Thousand One Hundred Dollars ($5100).

7

7. <u>Waiver of Rights</u>.

Defendant understands that by pleading guilty she surrenders certain rights, including the following:

(a)    If defendant persisted in a plea of not guilty to the charge(s) against her, she would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. Defendant has a right to a jury trial. But in order that the trial be conducted by a judge sitting without a jury, defendant, the government, and the court all must agree that the trial be conducted by a judge without a jury.

(b)    If the trial were a jury trial, the jury would be composed of twelve lay persons selected at random. Defendant and her attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification were shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict her unless, after hearing all the evidence, it was persuaded of her guilt beyond a reasonable doubt.

(c)    If the trial were held before a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the defendant's guilt beyond a reasonable doubt.

(d)    At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and her attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence on her own behalf. If the witnesses for defendant would not appear voluntarily, she could require their attendance through the subpoena power of the court. At trial, the defendant would also have the right to assistance of legal counsel. If she could not afford legal counsel, an attorney would be appointed for her by the court at no expense to her.

(e)    At a trial, defendant would have a privilege against self-incrimination so that she could decline to testify, and no inference of guilt could be drawn from this refusal to testify.

8

1    Defendant understands that by pleading guilty she is waiving all of the rights set forth above and

2    defendant's attorney has explained those rights to her and the consequences of her waiver of those rights.

3    8.    Questions by Court.

4    Defendant understands that if the court questions her under oath, on the record and in the

5    presence of counsel, about the offense to which she is pleading guilty, her answers, if false, may later be

6    used against her in a prosecution for perjury.

7    9.    Entire Agreement.

8    This plea of guilty is freely and voluntarily made and not the result of force or threats or of

9    promises apart from those set forth in this plea agreement.  There have been no representations or

10   promises from anyone as to what sentence this court will impose, although the parties have agreed upon

11   terms for sentencing under the U.S. Sentencing Commission's Sentencing Guidelines that they believe

12   will produce an overall reasonable sentence.

13   10.    Court not a Party.

14   It is understood by the parties that the sentencing court is neither a party to nor bound by this

15   agreement and the sentencing judge is free to impose the maximum penalties as set forth in paragraph

16   six (6).  In making its sentencing decision, the court may take into consideration any and all facts and

17   circumstances concerning the criminal activities of defendant, including activities which may not have

18   been charged in the indictment.

19   11.  Presentence Report.

20   Defendant understands that the United States Probation Office is not a party to this agreement

21   and will conduct an independent investigation of defendant's activities and her background.  It will then

22   prepare a presentence report which it will submit to the court as its independent sentencing

23   recommendation.  In addition, the government will fully inform the probation office, as well as the

24   ///

25   ///

26   ///

27   ///

28                                      9

1   Court, of the full and true nature, scope and extent of the defendant's criminal activities,

2   including information on her background and criminal history.

3                                           McGREGOR W. SCOTT
                                            United States Attorney
4

5   Dated: 5/20/19                   By: _____
                                         DAVID GAPPA
6                                        Assistant U.S. Attorney

7   Dated: 5/20/19
                                         _____
8                                        NADIA PRINZ
                                         Trial Attorney
9

10  Dated: 5-17-19
                                         _____
11                                       ASHLEY MADDOX
                                         Defendant
12

13  Dated: 5/17/19
                                         _____
                                         MEGAN T. HOPKINS
14                                       Attorney for Defendant

15  Dated: 5/17/19
                                         _____
16                                       VICTOR CHAVEZ
                                         Attorney for Defendant

17

18

19

20

21

22

23

24

25

26

27

28
                                         10