HEATHER E. WILLIAMS, CA SBN #122664
Federal Defender
MEGAN T. HOPKINS, CA SBN #294141
Assistant Federal Defender
Designated Counsel for Service
801 I Street, 3rd Floor
Sacramento, CA 95814
Telephone: (916) 498-5700
Fax: (916) 498-5710

Attorney for Defendant
ASHLEY MADDOX

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ASHLEY MADDOX,<br><br>　　　　Defendant. | Case No.  1:17-cr-00167-DAD-BAM<br><br>**DEFENDANT'S RESPONSE TO GOVERNMENT'S SENTENCING MEMORANDUM; MOTION TO STRIKE THE GOVERNMENT'S SENTENCING MEMORANDUM**<br><br>Judge: Hon. Dale A. Drozd<br>Date:   November 4, 2019<br>Time:  10:00 a.m. |

Defendant Ashley Maddox hereby responds, briefly, to the government's sentencing memorandum. Counsel for Ms. Maddox will address the issues further upon the Court's request during the sentencing hearing.

### I.    *The Government is in Breach of the Plea Agreement*

The parties have agreed in this case, as memorialized in the plea agreement, that a sentence between 180 – 216 months is appropriate and that each party shall be limited to its respective floor and ceiling within that range. This agreement reflects an understanding by the parties that a downward variance is both necessary and appropriate in reaching the recommended sentence by either party. A sentence of 216 months represents a 46 month downward variance from the low end of the sentencing guidelines, as probation and the government calculate them. Ms. Maddox's request for a sentence of 180 months represents a 30 month downward variance

from the low end of the guidelines as she calculates them, and an 82 month downward variance from the guidelines as the government calculates them.

Nevertheless, in its sentencing memorandum the government states that, "neither a departure nor a variance is warranted in this case"[1] and spends nearly two dozen pages arguing what it presents as aggravating circumstances in the case, despite its obligation to argue for a downward variance to 216 months based on the overwhelming mitigation present in this case. Within the same document, pursuant to its obligations under the plea agreement, the government agrees with probation that a 216 month (eighteen year) sentence is appropriate[2]. Recommending a sentence within the limits imposed by the plea agreement while blatantly presenting an argument for a within-guideline or above-guideline sentence contrary to the plea agreement is a breach of the agreement.

A prosecutor's promise under a plea agreement "can be broken either explicitly or implicitly." *United States v. Heredia*, 768 F.3d 1220, 1231 (9th Cir. 2014). The prosecutor cannot "purport[] to make the promised recommendation while winking at the district court to impliedly request a different outcome." *Id.* (quoting *United States v. Has No Horses*, 261 F.3d 744, 750 (8th Cir. 2001)) (internal quotation marks omitted). For example, the Ninth Circuit Court of Appeals has held that a prosecutor breaches a plea agreement if he or she "agrees to recommend a sentence at the low end of the applicable Guidelines range, but then makes inflammatory comments about the defendant's past offenses that do not 'provide the district court with any new information or correct factual inaccuracies.'" *Id.* (citing *United States v. Whitney*, 673 F.3d 965, 971 (9th Cir. 2012)).

Here, the government recited the most inflammatory facts of the case, which were already discussed in detail in the PSR, and which had been previously presented to this Court at the hearing on defendant's motion to revoke the detention order, and made no effort to point out or discuss the overwhelming mitigating circumstances which caused the government to agree to recommend a sentence below what it argues to be the applicable guideline range. The

---

[1] Dkt. 101 at 4:12-13.
[2] Id. at 4:25-26.

1  government also stated, unequivocally, that no departure or variance is warranted in this case,
2  despite its obligation to argue for downward variance to at least 216 months.  This is in breach of
3  the parties' plea agreement.  Ms. Maddox therefore moves to strike the government's sentencing
4  memorandum.

5  Ordinarily the government's breach of a plea agreement also necessitates the recusal of
6  the sentencing judge who has been exposed to the government's arguments in breach of the
7  agreement.  Here, however, Ms. Maddox wishes to avoid a further delay in sentencing, as the
8  conditions under which she is being housed at the Fresno County Jail (in general population) are
9  dangerous for her, particularly in light of the government's openly-filed and extremely
10 inflammatory sentencing memorandum.  Ms. Maddox asks that the Court consider whether, in
11 light of the government's breach, it can treat Ms. Maddox fairly and impartially and to make its
12 own determination as to whether this matter should be reassigned to a new judge.  If it is to be
13 reassigned, Ms. Maddox asks that she be rescheduled for sentencing as soon as possible to avoid
14 any further risk that her charges be exposed while she is in a general housing designation.

15 **II.**     *The Government Mischaracterizes the Defense's Prior Statements to this Court*

16 In its sentencing memorandum, the government points out that at the hearing on the
17 motion to revoke the detention order, the defense incorrectly represented the date in which Ms.
18 Maddox terminated contact with Scott Trader as December of 2015, when evidence discovered
19 at a later date indicates the relationship continued into early 2016[3].  The government implies that
20 this was a deliberate misrepresentation and goes on to state that this should "undermine any
21 confidence that could be placed in arguments put forward in this sentencing hearing."[4]  As the
22 government is well aware, Ms. Maddox did not have an independent recollection of the timeline
23 of her communications with Scott Trader, which took place more than a year before she was
24 indicted in this case.  The defense therefore relied on the timeline set forth, under penalty of
25 perjury, in the complaint filed on June 16, 2016 at the outset of the case.  At that time, based on
26 the information best known to the parties, there was indeed no evidence that the relationship

---

[3] Id. at 10:2-11.
[4] Id. at 10:10-11.

1  extended beyond December 2015.

2  Indeed, Ms. Maddox participated in a lengthy proffer meeting with the government close
3  in time to the hearing on the motion to revoke the detention order, and during that proffer session
4  she reiterated several times that she could not recall the dates of the contact, although she could
5  remember the substance of the contact with Scott Trader and others.  Nevertheless, the
6  government raised the same accusation of an intentional misrepresentation to the court in a
7  motion for bail review upon discovering, in the course of its investigation, that the contact
8  continued into early 2016[5].  In response to the government's accusation, the defense explained
9  that Ms. Maddox did not have an independent recollection of the timeline and had proceeded in
10 the information contained in the complaint in good faith.[6]  A lengthy discussion was held on the
11 record regarding the new information, when it was provided to the defense (well after the hearing
12 on the motion to revoke detention), and the defense's position that although several months
13 shorter, there was nevertheless a lengthy intervening period between the offense conduct and the
14 present.

15 Nevertheless, the government seeks to resurrect this issue now, in its sentencing
16 memorandum, and disingenuously seeks to discredit the defense at the sentencing proceeding to
17 bolster its own arguments.  Ms. Maddox urges the Court to disregard the government's
18 comments as to this issue.  This matter has been addressed and resolved before the magistrate,
19 and defense counsel's argument was a good faith representation to the Court based on the facts
20 known to the defense, as recited in the complaint, at the time.

21 **III.**    *Ms. Maddox Reserves Further Argument for the Sentencing Hearing*

22 In the interest of brevity, Ms. Maddox will respond to the government's other arguments
23 in opposition to her formal objections and with regard to the appropriate sentence in this case at
24 the sentencing hearing.

25 / / /
26 / / /
27
28

---

[5] *See* Government's Motion for Bail Review, Dkt. 35.
[6] *See* Opposition to Motion for Bail Review, Dkt. 41.

Maddox Sentencing Memorandum                     -4-

**CONCLUSION**

The Court should find that the government's sentencing memorandum breaches the parties' plea agreement and strike the government's sentencing memorandum. Additionally, based upon all of the 3553(a) factors instructive in this case, the Court should impose a sentence at the mandatory minimum range of incarceration of fifteen years, followed by no more than five years of supervised release.

Respectfully submitted,

HEATHER E. WILLIAMS
Federal Defender

Date: October 28, 2019

*/s/ Megan T. Hopkins*
MEGAN T. HOPKINS
Assistant Federal Defender
Attorney for Defendant
ASHLEY MADDOX